UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUCIUS REDD,<br>    Plaintiff<br><br>v.<br><br>ANTHONY FRISSORA and<br>BRENDAN WOELLER,<br>    Defendants | CIVIL ACTION NO._____ |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages brought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Massachusetts Civil Rights Act, M.G.L. c. 12 §§ 11H and 11I, Article 14 of the Massachusetts Declaration of Rights, and under the common law of the Commonwealth of Massachusetts, against Anthony Frissora and Brendan Woeller, troopers of the Massachusetts State Police, in their individual capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the Defendants made an unreasonable seizure of the person of the Plaintiff and that the Defendants assaulted the Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article 14 of the Massachusetts Declaration of Rights.

### PARTIES

3. The Plaintiff, Lucius Redd, is an individual residing at 29 Central Street, Apt. 2B,

Springfield, MA 01105.

4. The Defendants, Anthony Frissora (Frissora) and Brendan Woeller (Woeller), were at all times relevant to the allegations of this Complaint duly appointed and acting troopers of the Massachusetts State Police, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the Massachusetts State Police.

## STATEMENT OF FACTS

5. On December 1, 2021, the Plaintiff was seated in the driver's seat of a rental car that was parked in front of 11 Niagara Street in the City of Springfield.

6. Niagara Street is a one-way street.

7. The Plaintiff had rented the vehicle, a 2020 black Nissan Sentra with Connecticut plate AN01257, from Jay Harland Corporation, 590 Spring Street, Windsor Locks, CT 06096, on November 22, 2021.

8. The vehicle was fully insured under Empire Fire and Marine Insurance policy No. RSF0136244, effective October 1, 2021 through October 1, 2022.

9. Additionally, the Plaintiff had his own auto insurance policy through Safety Insurance Company, policy No. 8937365, effective May 26, 2021 through May 26, 2022.

10. While the Plaintiff was parked in front of 11 Niagara Street, the Defendants conducted a motor vehicle stop of another vehicle on Niagara Street.

11. Said vehicle pulled over to the side of the road a short distance from where the Plaintiff was parked.

12. The Defendants' cruiser, which was being operated by Woeller, came to a stop adjacent to the Plaintiff's vehicle.

13. As Frissora exited the front passenger seat of the cruiser, he illuminated the interior of the Defendant's vehicle with his flashlight and began looking into the interior of the Plaintiff's vehicle.

14. The Plaintiff questioned why Frissora was looking into his vehicle.

15. Frissora responded that the Plaintiff "might have a gun".

16. The Plaintiff responded that he did not have a gun.

17. The Defendants walked up to the other vehicle they had pulled over and engaged with the operator of that vehicle.

18. The Defendants eventually returned to their cruiser, did a U-turn, and drove off in the wrong direction towards Saratoga Street.

19. Several minutes later, the Plaintiff left Niagara Street and drove to United Gas Station located at 679 Main Street.

20. The Defendants, who had since returned to the area, followed the Plaintiff to the gas station.

21. The Plaintiff pulled into the gas station and brought his vehicle to a stop at the pumps.

22. As the Plaintiff brought his vehicle to a stop, the Defendants activated their cruiser's overhead emergency blue lights and pulled up directly behind the Plaintiff's stopped vehicle.

23. The Plaintiff exited his vehicle.

24. As soon as the Plaintiff exited his vehicle, Woeller drew his pistol and pointed it directly at the Plaintiff.

25. The Plaintiff immediately placed his hands in air, and Woeller holstered his pistol.

26. The Plaintiff questioned the Defendants as to why they had stopped him.

27. The Defendants' responded that they stopped the Plaintiff because of a defective brake light.

28. After engaging in a brief conversation with the Plaintiff regarding the propriety of the stop, the Defendants ordered the Plaintiff to perform field sobriety tests.

29. The Plaintiff complied with the Defendants' orders, and performed the field sobriety tests as directed.

30. During the course of the field sobriety tests, the Defendants ordered the Plaintiff to produce his driver's license.

31. The Plaintiff provided the Defendants with his driver's license, which was valid.

32. During the course of the field sobriety tests, Woeller ordered the Plaintiff to place his hands on the hood of the rental car.

33. The Plaintiff obeyed Woeller's order.

34. Woeller conducted a patfrisk of the Plaintiff and seized a pocket knife from the Plaintiff's pocket.

35. After the pocket knife had been seized, Frissora searched the driver area of the rental car, but did not locate any weapons.

36. The Defendants determined that the Plaintiff was not under the influence of alcohol and/or narcotics based upon his performance of the field sobriety tests.

37. The Defendants ordered the Plaintiff to produce proof of registration and insurance for the rental vehicle.

38. The Plaintiff provided the officers with an envelope containing all the paperwork that the rental company had provided him.

39. The Defendants requested backup.

40. After backup troopers arrived on the scene, the Defendants placed the Plaintiff in handcuffs and locked him in the rear of one of the backup police cruisers.

41. The Defendants contacted CJ's Towing to tow the Plaintiff's vehicle.

42. While the Plaintiff was locked in the rear of the Defendants' cruiser, Frissora searched the Plaintiff's rental vehicle.

43. CJ's Towing arrived and towed the Plaintiff's vehicle.

44. Prior to having the vehicle towed, the Defendants ran a query of the Plaintiff's information through the Massachusetts Criminal Justice Information Systems (CJIS).

45. The report generated by CJIS informed the Defendants that the Plaintiff had a motor vehicle registered in his name that was actively insured by Safety Insurance Company.

46. After the vehicle had been towed, the Defendants released the Plaintiff.

47. Woeller issued the Plaintiff a civil citation for a lights violation under G.L. c. 90, § 7 and a criminal citation for operating an uninsured motor vehicle under G.L. c. 90, § 34J.

48. Prior to having the vehicle towed and issuing said criminal citation to the Plaintiff, the Defendants knew that the rental vehicle was actively insured under the Plaintiff's auto insurance policy with Safety Insurance Company.

49. Jay Harland Corporation subsequently retrieved the rental car from CJ's Towing.

50. Upon inspection, all lights for the vehicle were found to be in working order.

51. On December 23, 2021, a criminal complaint, Docket No. 2123CR7105, issued in the Springfield District Court as a result of the citation issued by Woeller, charging the Plaintiff with one count of Operating an Uninsured Motor Vehicle.

52. On February 11, 2022, the Commonwealth filed a nolle prosequi resulting in the complaint being dismissed prior to arraignment.

## **COUNT I – UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. §§ 1983 and 1988)**
## **(FRISSORA and WOELLER)**

53. The Plaintiff realleges and incorporates herein Paragraphs 1-52.

54. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff by conducting a traffic stop of the motor vehicle he was operating without reasonable suspicion that the Plaintiff was engaged in criminal activity and/or had committed a civil motor vehicle infraction.

55. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff by searching his person without reasonable suspicion that he was armed and dangerous.

56. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff by placing him in handcuffs and detaining him in the rear of their police cruiser without reasonable suspicion that he was armed and dangerous and without probable cause that he had committed an arrestable offense.

57. The Defendants, acting under color of law, intentionally and unlawfully searched the Plaintiff's rental vehicle without probable cause to believe that evidence of a crime would be located within the vehicle and without legal grounds to conduct an inventory search.

58. The Defendants, acting under color of law, intentionally and unlawfully seized the Plaintiff's rental vehicle by having it towed without probable cause to believe that the vehicle was uninsured.

59. The actions of the Defendants deprived the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

60. As a direct result, the Plaintiff was deprived of his liberty and suffered harm.

61. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

**COUNT II – UNLAWFUL SEARCH AND SEIZURE (G.L. c. 12 §§ 11H and 11I)**
**(FRISSORA and WOELLER)**

62. The Plaintiff realleges and incorporates herein Paragraphs 1-61.

63. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff by conducting a traffic stop of the motor vehicle he was operating without reasonable suspicion that the Plaintiff was engaged in criminal activity and/or had committed a civil motor vehicle infraction.

64. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff by searching his person without reasonable suspicion that he was armed and dangerous.

65. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff by placing him in handcuffs and detaining him in the rear of their police cruiser without reasonable suspicion that he was armed and dangerous and without probable cause that he had committed an arrestable offense.

66. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully searched the Plaintiff's rental vehicle without probable cause to believe that evidence of a crime would be located within the vehicle and without legal grounds to conduct an inventory search.

67. The Defendants, by means of threats, intimidation, and coercion, intentionally and unlawfully seized the Plaintiff's rental vehicle by having it towed without probable cause to believe that the vehicle was uninsured.

68. The actions of the Defendants deprived the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

69. As a direct result, the Plaintiff was deprived of his liberty and suffered harm.

70. The Plaintiff is therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I.

### COUNT III – FALSE IMPRISONMENT (COMMON LAW)
### (FRISSORA and WOELLER)

71. The Plaintiff realleges and incorporate herein Paragraphs 1-70.

72. The Defendants, acting under color of law, intentionally and unlawfully confined the Plaintiff against his will by placing him in handcuffs and detaining him in the rear of their police cruiser without reasonable suspicion that he was armed and dangerous and without probable cause that he had committed an arrestable offense.

73. The Plaintiff was conscious of said unconsented-to confinement, deprived of his liberty, and suffered harm as a direct result.

74. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT IV – FALSE ARREST (COMMON LAW)
### (FRISSORA and WOELLER)

75. The Plaintiff realleges and incorporates herein Paragraphs 1-74.

76. The Defendants, acting under color of law, intentionally and unlawfully conducted a *de facto* arrest of the Plaintiff by placing him in handcuffs and detaining him in the rear of their police cruiser without reasonable suspicion that the Plaintiff was armed and dangerous and without probable cause that he had committed an arrestable offense.

77. As a direct result, the Plaintiff was deprived of his liberty and suffered harm.

78. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### COUNT V – EXCESSIVE FORCE (42 U.S.C. §§ 1983 and 1988)
### (WOELLER)

79. The Plaintiff realleges and incorporates herein Paragraphs 1-78.

80. Woeller, acting under color of law, used excessive and unreasonable force in the course of seizing and detaining the Plaintiff by drawing his pistol and pointing it directly at the Plaintiff, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

81. The Plaintiff suffered harm as a direct result.

82. The Plaintiff is therefore entitled to damages pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT VI – EXCESSIVE FORCE (G.L. c. 12 §§ 11H and 11I)
## (WOELLER)

83. The Plaintiff realleges and incorporates herein Paragraphs 1-82.

84. Woeller, by means of threats, intimidation, and coercion, used excessive and unreasonable force in the course of seizing and detaining the Plaintiff by drawing his pistol and pointing it directly at the Plaintiff, thereby depriving the Plaintiff of the right to be free from unreasonable search and seizure as guaranteed by Article 14 of the Massachusetts Declaration of Rights.

85. The Plaintiff suffered harm as a direct result.

86. The Plaintiff is therefore entitled to damages pursuant to the Massachusetts Civil Rights Act, G.L. c. 12 §§ 11H and 11I.

## COUNT VII – ASSAULT (COMMON LAW)
## (WOELLER)

87. The Plaintiff realleges and incorporates herein Paragraphs 1-86.

88. Woeller intentionally placed the Plaintiff in fear of an imminently threatened battery without legal justification by drawing his pistol and pointing it directly at the Plaintiff.

89. The Plaintiff was placed in actual fear of an imminently threatened battery and suffered harm as a direct result.

90. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### **COUNT VIII – MALICIOUS PROSECUTION (COMMON LAW)**
### **(WOELLER)**

91. The Plaintiff realleges and incorporates herein Paragraphs 1-90.

92. Woeller, motivated by malice towards the Plaintiff, initiated criminal proceedings against the Plaintiff without probable cause to believe that the Plaintiff had committed a crime.

93. The criminal charges brought by Woeller against the Plaintiff were subsequently dismissed prior to arraignment by the Springfield District Court after the Commonwealth filed a nolle prosequi.

94. As a direct result of Woeller's malicious actions, the Plaintiff suffered harm.

95. The Plaintiff is therefore entitled to damages under Massachusetts common law.

### **COUNT IX – ABUSE OF PROCESS (COMMON LAW)**
### **(WOELLER)**

96. The Plaintiff realleges and incorporates herein Paragraphs 1-95.

97. Woeller initiated criminal proceedings against the Plaintiff.

98. Woeller initiated said criminal process for an ulterior and/or illegitimate purpose, to wit: (1) to cover up his unlawful detention of the Plaintiff, his use of excessive and unreasonable force in carrying out said detention, and his unlawful search and seizure of the Plaintiff's rental vehicle, (2) to protect himself from criminal and civil liability for his illegal actions, and (3) to frustrate the Plaintiff from pursuing legal remedies available to him.

99. As a direct result of Woeller's actions, the Plaintiff suffered harm.

100. The Plaintiff is therefore entitled to damages under Massachusetts common law.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment on his behalf and:

1. Award appropriate compensatory damages to him from the Defendants jointly and

severally in an amount to be determined by the Court;

2. Award him interest, costs, and attorney's fees; and

3. Award such other relief as this Court deems just, equitable, and appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated: March 7, 2022                    By: */s/ Peter A. Slepchuk*
                                                                                     Peter Alexander Slepchuk, BBO#: 682078
                                                                                     Attorney for the Plaintiff
                                                                                     155 Maple St., Suite 405
                                                                                     Springfield, MA 01105
                                                                                     Tel: (413) 736-3649; Fax: (413) 747-9022
                                                                                     E-mail: peter.alexander@slepchuklaw.com